UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LORI FAJARDO,<br><br>   Plaintiff,<br><br> v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>   Defendant. | Case No. CV 08-01615 AJW<br><br>MEMORANDUM OF DECISION |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits and supplemental security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The procedural facts are undisputed and are set forth in the joint stipulation. [JS 2]. Plaintiff filed an application for disability insurance benefits on February 11, 2005, and an application for SSI benefits on April 13, 2006. Plaintiff alleged that she became disabled on October 10, 2002 due to due to asthma and a depressive disorder. [JS 2]. Plaintiff's applications were denied in a written hearing decision dated October 25, 2007. [JS 2; Administrative Record ("AR") 45, 84-92]. The Appeals Council granted plaintiff's request for review of that decision and remanded the case for further proceedings. [JS 2; AR 29, 36].

After conducting a supplemental hearing on June 12, 2008, Administrative Law Judge F. Keith Varni (the "ALJ") issued a written decision finding plaintiff not disabled on July 24, 2008. [AR 13-22, 36-44]. The ALJ incorporated the prior hearing decision by reference, which he characterized as "the decision on remand as supplemented herein." [AR 13]. The ALJ concluded that nothing in the medical evidence on remand warranted a change in the residual functional capacity ("RFC") assessed in the prior hearing decision. Accordingly, the ALJ found that plaintiff's physical impairments restricted her to medium work without concentrated exposure to extreme cold, extreme heat, fumes, odors, dusts, gases, and poor ventilation, and her mental impairments limited her to simple, routine, repetitive, nonpublic tasks. [AR 17]. The ALJ determined that plaintiff's RFC precluded performance of her past relevant work, but did not preclude her from performing alternative work available in significant numbers in the national economy. Therefore, the ALJ concluded that plaintiff was not disabled at any time through the date of his decision. The Appeals Council denied plaintiff's request for review of the ALJ's decision on remand. [AR 5-9].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Social Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

**Discussion**

Plaintiff argues that the ALJ committed legal error by failing to comply with the Appeals Council's remand order. [See JS 3-6].

2

1       In its December 2007 order of remand, the Appeals Council noted that the prior ALJ found that
2  plaintiff retained the RFC "to perform a limited range of medium work, reduced by mental and
3  environmental limitations." [AR 30]. The Appeals Council observed that the record included San
4  Bernardino County Behavioral Health Center ("County Behavioral Health") treatment records containing
5  an opinion that plaintiff "cannot work and has a GAF of 45-50, indicative of serious symptoms. The record
6  lacks a report of a recent, comprehensive mental status examination with a medical source statement about
7  what [plaintiff] can still do despite the impairments." [AR 30 (citing AR 317-348, 350-360)]. The Appeals
8  Council concluded that "additional medical evidence is needed to clarify the nature and severity of the
9  mental impairments." [AR 30]. To that end, the Appeals Council ordered the ALJ to obtain additional
10 evidence, including (1) "updated treatment records, particularly from [County Behavioral Health],"
11 reflecting "any additional documentation in support of the prior opinion"; and (2) "a consultative mental
12 status examination with psychological testing and a medical source statement about what [plaintiff] can still
13 do despite the impairments." [AR 30-31].
14      It is undisputed that the ALJ did not obtain a consultative mental status examination on remand. [JS
15 4-5; see AR 13-22, 30-31]. Defendant contends that the ALJ "did not need to order a consultative mental
16 status examination" because he "adequately developed the record" by obtaining treatment records from
17 County Behavioral Health along with a medical source statement about plaintiff's functional limitations.
18 Defendant further contends that the court lacks jurisdiction to enforce the Appeals Council's remand order,
19 and that the Appeals Council's decision denying review of the ALJ's decision on remand is entitled to
20 deference. [JS 4-6].
21      The Commissioner's regulations state that the Appeals Council may remand to an ALJ "a case in
22 which additional evidence is needed or additional action by the [ALJ] is required."  20 C.F.R. §§
23 404.977(a), 416.1477(a). The ALJ should have ordered a consultative mental status examination with
24 psychological testing because the Commissioner's regulations state that when the Appeals Council remands
25 a case to an ALJ, the ALJ "shall take any action that is ordered by the Appeals Council and may take any
26 additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. §§
27 404.977(b), 416.1477(b). The cited regulations are binding on the Commissioner and on the ALJ. Moore
28 v Apfel, 216 F.3d 864, 869 (9th Cir. 2000)("The Code of Federal Regulations is clearly binding upon the

1  Commissioner . . . ."). The Commissioner's regulations are promulgated pursuant to his statutory authority
2  to interpret and apply the Social Security Act, and courts are bound to give the Commissioner's regulations
3  "considerable weight." See 42 U.S.C. § 405(a)(granting the Commissioner "full power and authority to
4  make rules and regulation and to establish procedures . . . which are necessary or appropriate" to carry out
5  the provisions of the Social Security Act); Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th Cir. 2009)(stating
6  that the Commissioner "has statutory authority to interpret and enforce" the Social Security Act under 42
7  U.S.C. § 405(a), and that the Commissioner's construction of the Social Security Act must be given
8  "considerable weight"); Das v. Dep't of Health & Human Servs., 17 F.3d 1250, 1254 (9th Cir.
9  1994)(same)(citing Schweiker v. Gray Panthers, 453 U.S. 34, 43 (1981) and Chevron U.S.A., Inc. v. Natural
10  Res. Def. Council, Inc., 467 U.S. 837, 844 (1984)).

11        The ALJ offered no explanation for failing to order a consultative examination with psychological
12  testing. Defendant does not argue, nor does the record suggest, that the ALJ's failure to order such an
13  examination was justified by any ambiguity in the Appeals Council's remand order, or that the binding
14  regulations requiring him to "take . . . action that [was] ordered by the Appeals Council," 20 C.F.R. §§
15  404.977(b), 416.1477(b), were inapplicable or invalid in the circumstances of this case.

16        Nevertheless, the Commissioner's "final decision denying benefits must be affirmed unless the
17  findings are based on legal error or are unsupported by substantial evidence." See Vernoff, 568 F.3d at 1105
18  (citing Mayes v. Massanari, 276 F.3d 453, 458-459 (9th Cir. 2001)). Therefore, regardless of whether the
19  ALJ fully complied with the Appeals Council's remand order, judicial review is limited to the question
20  whether the ALJ's decision is supported by substantial evidence and reflects application of the correct legal
21  standards.

22        On remand, the ALJ attempted to augment the record, which was incomplete because it lacked,
23  among other things, updated treatment records. [See AR 14]. The ALJ obtained eight pages of additional
24  treatment records from County Behavioral Health. [AR 374-380]. Due to poor copy quality, seven of those
25  pages as reproduced the court's copy of the administrative record are almost completely illegible. No
26  meaningful information about plaintiff's condition, treatment response, or functional limitations can be
27  gleaned from them. The eighth page is a medication chart indicating that between May 8, 2007 and March
28  25, 2008, one of plaintiff's treating psychiatrists, Dr. Jesse DeVera, prescribed a combination of three

psychiatric medications: Cymbalta, which is indicated for the treatment of major depressive disorder and generalized anxiety disorder[1]; Lamictal, which can be used to treat depression and mood swings in bipolar disorder[2]; and Seroquel, which also is indicated for treatment of depression, mixed, or manic episodes associated with bipolar disorder.[3] [AR 381]. Those medications are consistent with plaintiff's treating psychiatrist's diagnoses of severe, recurrent major depression, with psychotic features, rule out bipolar disorder and borderline personality disorder. [See AR 323-324]. The ALJ, however, concluded that plaintiff had only a depressive disorder, not otherwise specified, which did not prevent her from performing medium, unskilled work in a non-public setting. [See AR 17-21, 42-43, 86]. The ALJ also failed to acknowledge that plaintiff received a Global Assessment of Function ("GAF") score of 45[4] not only from a social worker, but also from a treating psychiatrist, Dr. Morales, whose examination report includes clinical findings. [See AR 324].

The only medical evidence added to the record on remand other than the illegible treatment records was a two-page "Work Capacity Evaluation (Mental)" form completed by Dr. DeVera on August 7, 2007, before Appeals Council vacated it. It is unclear why this evaluation form was not a part of the record before ALJ Muskrat. The evaluation form constitutes medical source statement describing plaintiff's mental functional limitations, all of which Dr. DeVera rated as either "marked" or "moderate." Dr. DeVera stated that plaintiff is not a malingerer, and that her impairments would cause her to miss three or more days of work a month. [AR 371-372].

---

[1] See http://www.cymbalta.com/index.jsp (last visited January 12, 2010).

[2] See http://www.lamictal.com/bipolar/patients/index.html (last visited January 12, 2010).

[3] See http://hcp.seroquelxr.com/seroquel-xr-indications.aspx (last visited January 12, 2010).

[4] The GAF score is a "multiaxial" assessment that reflects a clinician's subjective judgment of a patient's overall level of functioning by asking the clinician to rate two components: the severity of a patient's psychological *symptoms,* or the patient's psychological, social, and occupational *functioning*. The GAF score is the lower of the symptom severity score or the functioning severity score. A GAF score of 45 denotes serious symptoms, such as suicidal ideation or severe obsessional rituals, or any serious impairment in social, occupational, or school functioning, such as the absence of friends or the inability to keep a job. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition ("DSM-IV") Multiaxial Assessment, 27-36 (rev. 2000)) .

1    Plaintiff contends that the ALJ erred in rejecting Dr. DeVera's opinion. It is not enough for
2 defendant to argue that the ALJ articulated legally sufficient reasons for rejecting Dr. DeVera's opinion
3 when the record is incomplete. [See JS 6-14]. Furthermore, Dr. DeVera's opinion was not controverted
4 by the opinion of another treating or examining physician. The only conflicting mental functional
5 assessment was that of the non-examining state agency psychiatrist. Standing alone, a non-examining
6 physician's opinion does not constitute substantial evidence for rejecting the opinion of a treating physician.
7 See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001). Accordingly, the ALJ could not reject Dr.
8 DeVera's opinion without articulating clear and convincing reasons based on substantial evidence in the
9 record.

10    Some of the reasons articulated by the ALJ for rejecting Dr. DeVera's opinion clearly do not meet
11 this standard. For example, the ALJ described Dr. DeVera's evaluation as "egregiously accommodative and
12 exaggerated" and "hyperbolic." [AR 19]. The ALJ also asserted that Dr. DeVera "simply and naively
13 accept[ed] everything [plaintiff] asserts with no consideration of the obvious motive for financial gain." [AR
14 19].

15    An ALJ may rely on "evidence of actual improprieties" that undermine the credibility of a doctor's
16 opinion, but he may not assume that doctors "routinely lie" or misrepresent a patient's condition to help
17 them obtain benefits. Lester v. Chater, 81 F.3d 821, 832 (9th Cir. 1996); Barbato v. Comm'r of Social Sec.
18 Admin., 923 F.Supp. 1273, 1276-1277 (C.D. Cal. 1996). Every disability claimant presumably is motivated
19 by the desire to win benefits. Absent evidence of actual improprieties, the ALJ cannot permissibly infer that
20 Dr. DeVera uncritically accepted plaintiff's subjective complaints or was blind to her interest in obtaining
21 disability benefits, especially since she informed her County Behavioral Health healthcare providers that
22 she had applied for SSI benefits. [E.g., AR 336 ("Has applied for SSI")].

23    Because the ALJ did not adequately develop the record or properly evaluate the treating physician's
24 opinion, the Commissioner's decision must be reversed.

## Conclusion

26    The Commissioner's decision is not supported by substantial evidence and is based on legal error.
27 A remand for further administrative proceedings is the appropriate remedy because it is not clear that the
28 ALJ would be required to award benefits if he adequately developed and properly evaluated the record. See

Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2000)(holding that when a court reverses an administrative decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation," but that the district court erred in remanding for further administrative proceedings where the record, including the vocational expert's testimony, "clearly establishe[d] that [the claimant] cannot perform a sedentary job or any other substantial gainful work that exists in the national economy . . . .")(quoting INS v. Ventura, 537 U.S. 12, 16 (2002) (per curiam)); see also Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.) (holding that the district court's decision whether to remand for further proceedings or payment of benefits is discretionary and is subject to review for abuse of discretion), cert. denied, 531 U.S. 1038 (2000).

Accordingly, the Commissioner's decision is reversed, and the matter is remanded to the Commissioner for further administrative proceedings consistent with this memorandum of decision. To ensure adequate development of the record on remand, the ALJ is directed to (1) obtain updated, legible treatment records; (2) order a consultative mental status examination with psychological testing; (3) conduct a new hearing; (4) if necessary, elicit additional vocational expert testimony; and (5) issue a new hearing decision that does not incorporate the prior hearing decisions in this case by reference and contains the ALJ's complete evaluation of the evidence, findings, and conclusions, based on the record as a whole.[5]

**IT IS SO ORDERED.**

January 14, 2010

_____
ANDREW J. WISTRICH
United States Magistrate Judge

---

[5] This disposition makes it unnecessary to consider plaintiff's remaining contentions.